UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
ROCCO OPPEDISANO,

                         Petitioner,
                                              MEMORANDUM & ORDER
          -against-                          13-CV-0161(JS)

UNITED STATES OF AMERICA,

                         Respondent.
--------------------------------------X
APPEARANCES
For Petitioner:     Jeffrey C. Hoffman, Esq.
                    Susan C. Wolfe, Esq.
                    Hoffman Pollok LLP
                    260 Madison Avenue, 22nd Floor
                    New York, NY 10016

For Respondent:     Sean C. Flynn, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    610 Federal Plaza
                    Central Islip, NY 11722

SEYBERT, District Judge:

          Rocco Oppedisano ("Petitioner") petitions this Court

to vacate his conviction and sentence pursuant to

28 U.S.C. § 2255.     For the following reasons, Petitioner's

application is DENIED.

BACKGROUND

          In 2008, Petitioner was investigated in connection

with suspected insurance fraud involving a yacht.     (Pet. at 14-

15.)[1]  Consequently, Postal Inspector Carl Vaccariello signed a

search warrant application for the search of several addresses,

---

[1] Page numbers are taken from the Electronic Case Filing system.

1

including an apartment at 1 Bay Club Drive, Apartment 11F, Bayside, New York ("the Bay Club Apartment"). (Pet. at 14.) Although all of Petitioner's mail was sent to his parents' house at 7-32 Crescent Road, Whitestone, New York, which was also subject to the search warrant, "repeated surveillance . . . reveal[ed] that [Petitioner], in fact, reside[d] at [the Bay Club Apartment]." (4/6/09 Search Warrant, Ex. A of Docket Entry 7-1, at 12.) Further, Mr. Vaccariello stated that, according to his experience, individuals involved in financial and insurance fraud "frequently maintain [evidence] in their possession . . . for substantial periods of time." (4/6/09 Search Warrant at 13.) Thus, Magistrate Judge Michael L. Orenstein found that there was probable cause to search the listed addresses, including the Bay Club Apartment, and approved the application. (4/6/09 Search Warrant.)

Upon execution of the search warrant at the Bay Club Apartment on April 7, 2009, officers discovered white powder and ammunition in a credenza. (Pet. at 16.) The initial search warrant related only to the insurance fraud investigation, however. Thus, the Government sought, and obtained, a second search warrant authorizing it to seize the ammunition and powder. (Pet. at 16.) While executing the second warrant on April 7, 2009, police seized eighty-three .22 caliber bullets

and a white powder that tested positive for cocaine. (Tr. at 255; Pet. at 16.)

Before trial, Petitioner's counsel moved to controvert the second warrant, but not the first. (Pet. at 16.) The Court then held a trial on one count of Felon-In-Possession (pertaining to the ammunition) and one count for Possession of Cocaine. (Pet. at 17.) As part of that case, counsel stipulated to the prior felony element of the felon-in-possession count. (12/6/10 Stipulation, Ex. C of Docket Entry 7-1.) Additionally, during his opening statement, counsel mentioned that Petitioner was the subject of an insurance fraud investigation, setting the stage for the defense that the Government, frustrated by a lengthy, and thus far unsuccessful investigation into Petitioner's suspected involvement in an insurance fraud scheme, intentionally placed the ammunition and cocaine in the Bay Club Apartment. (Pet. at 17-18.) Petitioner now argues that these actions constituted ineffective assistance of counsel and infected his trial. (Pet. at 16-18.)

DISCUSSION

Petitioner maintains that his trial counsel was ineffective in violation of the Sixth Amendment, entitling him to relief pursuant to 28 U.S.C. § 2255. The Court will first discuss the applicable standard of review before addressing the merits of Petitioner's claims.

I.   Standard of Review

Section 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  28 U.S.C. § 2255(b).  "A defendant seeking a hearing on an ineffective assistance of counsel claim 'need establish only that he has a plausible claim of ineffective assistance of counsel, not that he will necessarily succeed on the claim.'"  Raysor v. United States, 647 F.3d 491, 494 (2d Cir. 2011) (quoting Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009)).

"The procedure for determining whether a hearing is necessary is in part analogous to . . . a summary judgment proceeding."  Puglisi, 586 F.3d at 213.  Further, "[i]f material facts are in dispute, a hearing should usually be held, and relevant findings of facts made."  Id. at 213.  "Whether there is a genuine issue of material fact depends upon the sufficiency of th[e] factual allegations" in the Petition, and "[a]iry generalities, conclusory assertions and hearsay statements will not suffice because none of these would be admissible evidence at a hearing."  United States v. Aiello, 814 F.2d 109, 113-14 (2d Cir. 1986).  Instead, "[t]he petitioner must set forth specific facts which he is in a position to establish by

competent evidence." LoCascio v. United States, 395 F.3d 51, 57 (2d Cir. 2005) (alteration in original) (internal quotation marks and citation omitted).

"It is within the district court's discretion to determine whether a hearing is warranted." Pham v. United States, 317 F.3d 178, 184 (2d Cir. 2003). Further, the Second Circuit has held that if the judge who presided over the underlying criminal proceeding also presides over the Section 2255 motion, which is the case here, "a full-blown evidentiary hearing may not be necessary." Raysor, 647 F.3d at 494. Although the Circuit generally "disapproves of summary dismissal of petitions where factual issues exist," if the paper record contains sufficient material to support the district court's denial of the petition, it may do so on the basis of written submissions alone. Pham, 317 F.3d at 184; see also Chang v. United States, 250 F.3d 79, 86 (2d Cir. 2001).

## II. Petitioner's Claims for Ineffective Assistance of Counsel

### A. Legal Standard

To sustain a claim based on ineffective assistance of counsel, Petitioner must demonstrate that (1) counsel provided deficient performance and that (2) there was prejudice as a result. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To establish deficient performance, Petitioner must overcome the "strong presumption

5

that counsel's conduct falls within the wide range of reasonable professional assistance" and show that "counsel's representation fell below an objective standard of reasonableness." Id. at 688-89. To show prejudice, Petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Petitioner must satisfy both prongs of the Strickland test to be entitled to relief. Further, the test "is rigorous, and the great majority of habeas petitions that allege constitutionally ineffective counsel founder on that standard." Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001).

The Court will not question "sound trial strategy." Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101, 76 S. Ct. 158, 100 L. Ed. 83 (1955)). Further, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. Otherwise, "[t]he availability of intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation would

encourage the proliferation of ineffectiveness challenges." Id. at 690.

The Petition asserts three claims for ineffective assistance of counsel: (1) trial counsel's failure to move to suppress or controvert the first search warrant; (2) trial counsel's failure to sever or bifurcate the trial; and (3) trial counsel's injection of prejudicial matters. (Pet. at 14, 16-17.) The Court will address each claim separately. Further, while Petitioner must prove both objective unreasonableness and prejudice, "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Calderon v. Perez, No. 10-CV-2562, 2011 WL 293709, at *34 (S.D.N.Y. Jan. 28, 2011) (internal quotation marks and citation omitted) (alteration in original), adopted by 2011 WL 1405029 (S.D.N.Y. Apr. 5, 2011).

B.  Controverting the Warrant

Petitioner argues that counsel violated his Sixth Amendment right to effective assistance of counsel by failing to controvert the first search warrant, which, he claims, clearly lacked probable cause. (Pet. at 15-16.) The Court disagrees.

In the context of ineffective assistance of counsel claims for failure to controvert a warrant or suppress evidence, "Strickland requires that a [petitioner] show that: (1) a

competent attorney would have made the motion; (2) the suppression motion would have been successful; and (3) the outcome of the proceeding would have been different absent the excludable evidence." Watson v. Crowley, No. 07-CV-1111, 2011 WL 4639814, at *4 (S.D.N.Y. May 10, 2011) (internal quotation marks and citation omitted), adopted by 2011 WL 4639812 (S.D.N.Y. Oct. 6, 2011). The Second Circuit affords great deference to counsel in these analyses, as the Circuit is "reluctant to require defense counsel routinely to file boilerplate motions merely to vindicate their professional competence without regard for the grounds supporting such motions." United States v. DiTommaso, 817 F.2d 201, 215 (2d Cir. 1987). Thus, "[i]t is sufficient that counsel exercised professional discretion in deciding whether there [were] sufficient grounds to file a motion." Id. (internal quotation marks and citation omitted).

Additionally, with respect to the prejudice prong of Strickland, the Court uses a "totality-of-the-circumstances analysis." Illinois v. Gates, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332, 76 L. Ed. 2d 527 (1983). Thus,

> [t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair

> probability that contraband or evidence of a
> crime will be found in a particular place.
> And the duty of a reviewing court is simply
> to ensure that the magistrate had a
> "substantial basis for . . . conclud[ing]"
> that probable cause existed.

Id. at 238-239 (alteration in original) (quoting Jones v. United States, 362 U.S. 257, 271, 80 S. Ct. 725, 4 L. Ed. 2d 697 (1960), overruled on other grounds by United States v. Salvucci, 448 U.S. 83, 85, 100 S. Ct. 2547, 2549, 65 L. Ed. 2d 619 (1980)); accord Walczyk v. Rio, 496 F.3d 139, 156 (2d Cir. 2007).   The Court, therefore, "must accord considerable deference to the probable cause determination of the issuing magistrate," and "a showing of probable cause cannot be negated simply by demonstrating that an inference of innocence might also have been drawn from the facts alleged." Walczyk, 496 F.3d at 157.   Further, "in close cases . . . doubts should be resolved in favor of upholding the warrant." United States v. Defreitas, 701 F. Supp. 2d 297, 302 (E.D.N.Y. 2010) (internal quotation marks and citation omitted).

Here, counsel for Petitioner moved to controvert the second warrant, which allowed for the ammunition and cocaine's seizure.   Petitioner argues that counsel was ineffective because he moved to controvert the second warrant rather than the first, which allowed the ammunition to be discovered.   (Pet. at 16.)

Further, counsel failed to move to suppress the evidence of the seized cocaine.  (Pet. at 16).

However, counsel not only "vigorously contested" the second warrant, but made several other applications, such as to dismiss the indictment, a request for additional discovery, and a motion for a bill of particulars.  United States v. Snype, No. 07-CV-9490, 2009 WL 2611930, at *5 (S.D.N.Y. Aug. 24, 2009) (holding that counsel was not objectively unreasonable because he "vigorously contested" a search).  While this may not meet Petitioner's standards as a "Monday morning quarterback[]," United States v. McGriff, 678 F. Supp. 1010, 1014 (E.D.N.Y. 1988), it is clear that counsel "exercised professional discretion in deciding whether there [were] sufficient grounds to file [that] motion."  DiTommaso, 817 F.2d at 215 (internal quotation marks and citation omitted); contra Kimmelman v. Morrison, 477 U.S. 365, 385, 106 S. Ct. 2574, 91 L. Ed. 2d 205 (1986) (holding that counsel's assistance was ineffective because his failures, such as failing to file a suppression motion in time, were "not due to strategic considerations, but because . . . he was unaware of the search" and "unapprised" of certain aspects of the case).

Furthermore, the weakness of such an argument, and the existence of probable cause, highlights the reasonableness of counsel's strategic decision not to raise it.  The Government

sought evidence related to the purchase, storage, and insurance of the yacht.  (4/6/09 Search Warrant at 2-4.)  The warrant specifically listed four locations to be searched for that evidence, including the Bay Club Apartment.  (4/6/09 Search Warrant at 2.)  After significant surveillance confirming Petitioner's occupancy over the course of approximately three months, the Government identified the apartment as Petitioner's primary residence, and thus included it in the search warrant application.  (4/6/09 Search Warrant at 12-13; Pet. at 15.) Magistrate Judge Orenstein appropriately relied upon the affidavit, in which a seasoned investigator, Postal Inspector Carl Vaccariello, affirmed that based on his experience, documentary evidence relating to insurance fraud is "frequently maintain[ed] in [individuals'] possession . . . for substantial periods of time."  (4/6/09 Search Warrant at 13.)

Thus, it is "common-sense" for the Court to conclude that "there [was] a fair probability" that an individual would keep documents in the apartment he or she has resided in for the past several months.  <u>Gates</u>, 462 U.S. at 238; <u>accord</u> <u>United States v. Falso</u>, 544 F.3d 110, 117 (2d Cir. 2008) (stating that a probable cause determination requires a common sense approach).  Therefore, even if counsel had moved to controvert the warrant, there was significant probable cause and it does not seem that counsel would have been successful.  Accordingly,

there was no prejudice and Petitioner's claim for ineffective assistance of counsel based on failure to controvert the first warrant is DENIED.

C.  Severance or Bifurcation

Petitioner's second ground for his claim of ineffective assistance of counsel is that counsel failed to move for bifurcation to sever the two counts of the superseding indictment charging him with being a felon-in-possession of ammunition and possession of cocaine, and that counsel prejudicially erred in stipulating to Petitioner's status as a prior felon. (Pet. at 17.) Again, the Court disagrees.

Decisions to stipulate or to move for severance or bifurcation are, like other strategic decisions, given great deference. See DiTommaso, 817 F.2d at 215 ("Counsel rationally could have determined that his client's best interests would be served by emphasizing the contrast between the quantum of evidence presented . . . and that which directly reflected against [petitioner] himself."); see also Camacho v. United States, No. 98-CV-7057, 1999 WL 600523, at *6 (S.D.N.Y. Aug. 10, 1999) (holding that petitioner was not prejudiced by counsel's failure to seek a severance because the prior felony conviction was introduced through stipulation).

Here, counsel made the strategic decision to stipulate to a prior felony, thus allowing the jury to learn of only one

felony in an almost clinical manner rather than receiving potential evidence of Petitioner's additional prior felonies. Thus, there was nothing prejudicial or deficient in counsel's performance in this regard. See Camacho, 1999 WL 600523, at *6 ("A jury's knowledge of a prior felony conviction is not unduly prejudicial where the prior conviction is introduced by stipulation."); accord Collier v. United States, 92 F. Supp. 2d 99, 105 (N.D.N.Y. 2000) ("A prior conviction is not prejudicial where the prior conviction is an element of the crime or otherwise independently admissible.").

In addition, counsel's choice not to sever was also a strategic decision that was not prejudicial. The cocaine and ammunition were found in the same location at the same time, likely making a motion for severance futile. (Tr. at 262.) Moreover, the jury acquitted Petitioner of the cocaine possession charge, showing that counsel's strategy may have paid off. See Verduzco v. Uribe, No. 09-CV-5894, 2013 WL 530593, at *22 (N.D. Cal. Feb. 11, 2013) ("Petitioner's theory about the inflammatory effect of this evidence is weakened by the fact that the jury did not convict him of possession for sale, but of the lesser offense of simple possession.").

Accordingly, Petitioner's claim for ineffective assistance of counsel based on counsel's failure to move for severance or bifurcation is DENIED.

D. <u>Injecting Prejudicial Matters</u>

Finally, Petitioner's third ground is that counsel's opening statement discussing that Petitioner had been under investigation for insurance fraud, prejudiced the jury. (Pet. at 17.) The Court disagrees.

"[I]t [is] a reasonable trial strategy" to "open[] the door" to issues which need to come out at trial in order to be "forthright" with the jury. <u>Bierenbaum v. Graham</u>, 607 F.3d 36, 52 (2d Cir. 2010) (holding that counsel's assistance was not ineffective when he conceded the date that a victim died because it was consistent with his legal theory and was an attempt to be forthright with the jury). Conversely, if the decision to open a door "reflect[s] no tactical considerations," it is objectively unreasonable. <u>Lindstadt</u>, 239 F.2d at 203.

Here, counsel used "tactical considerations" by admitting that Petitioner was under investigation for insurance fraud. The cocaine and ammunition were found by police inside Petitioner's apartment. (Pet. at 16.) Thus, counsel conceded that Petitioner was being investigated for insurance fraud to provide a context for why the police were in Petitioner's apartment, to be upfront with the jury, and to develop his defense that the Government intentionally planted evidence. <u>See</u> <u>Bierenbaum</u>, 607 F.3d at 52. Thus, because counsel's decision was not objectively unreasonable, Petitioner's claim for

ineffective assistance of counsel based on ground three, injecting prejudicial matters, is DENIED.

CONCLUSION

For the foregoing reasons, Petitioner's application for a writ of habeas corpus is DENIED. Because there can be no debate among reasonable jurists that Petitioner was entitled to habeas relief, the Court does not issue a Certificate of Appealability. 28 U.S.C. § 2253(c); Middleton v. Att'ys Gen., 396 F.3d 207, 209 (2d Cir. 2005).

The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    August __12__, 2013
          Central Islip, New York